IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WM FINANCIAL SERVICES, ET AL. | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-05-CV-0939-D |
| | § | |
| DRS. ALIMADAD AND ALCINA JATOI | § | |
| | § | |
| Defendants. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Defendants Alimadad and Alcina Jatoi, appearing *pro se*, have filed an application to void arbitration award and reinstate this lawsuit. The application should be denied for two reasons. First, this action was dismissed on May 27, 2005. That order is now final. In order to reinstate the case, the court must grant relief from the final order of dismissal. Defendants fail to allege, much less prove, any basis for setting aside the dismissal order under Fed. R. Civ. P. 60(b) or any other federal rule. For that reason alone, the court should decline to reinstate the lawsuit.

In addition, it is clear from the face of their application that defendants want to reopen this case to challenge the outcome of a related state court proceeding. (*See* Def. App. at 4, ¶ IV). Plaintiffs initiated this action in federal court to confirm an NASD arbitration award in favor of WM Financial Services, Inc. and one of its employees, Richard L. Goins. When the court questioned whether federal subject matter jurisdiction was proper, plaintiffs voluntarily dismissed the case and refiled the action in Texas state court. The state court subsequently confirmed the arbitration award. Defendants failed to timely perfect an appeal, which was dismissed for lack of jurisdiction. *Jatoi v. WM Financial Services, Inc.*, No. 2-06-049-CV, 2006 WL 744246 (Tex. App.--Fort Worth, Mar.

23, 2006). Dissatisfied with the outcome of the state court proceeding, defendants seek to reopen the federal lawsuit "for trial and reconsideration." (Def. App. at 4, ¶ V). However, the *Rooker-Feldman* doctrine bars defendants from collaterally attacking the state court judgment by relitigating the validity of the arbitration award. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486, 103 S.Ct. 1303, 1319, 75 L.Ed.2d 206 (1983) (federal courts lack jurisdiction "over challenges to state court decisions . . . arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional"); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 414-16, 44 S.Ct. 149, 150, 68 L.Ed. 362 (1923). *See also Weekly v. Morrow*, 204 F.3d 613, 615 (5th Cir. 2000) (federal courts lack jurisdiction to review, modify, or nullify final orders of state courts).

## RECOMMENDATION

Defendants' application to void arbitration award and reinstate lawsuit [Doc. #6] should be summarily denied.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: September 12, 2006.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE